By the Court.

The appellants, in this case, contend that they have an exclusive right, to collect the pilotage money, and account for it to the pilots : in other words, that the pilots- can, in no case, receive that money, but through their hands. *126 Their authorisation to that effect, they find in the . J. 9th. section of the act of the Legislative council, entitled "an act relative to the harbour Master Wardens and pilots of the port of New-Orleans.” By that section, it is provided that “ the Master “ and Wardens shall be empowered to receive “ all pilotage money, which shall become due, “ to any pilot, and that they shall keep a separate “ account with each pilot, of all monies received “ to his use. ”
The object of this provision, if the pretentions of the appellants were correct, would be the establishing of a kind of accounting office, to secure an uniform mode of collection, and prevent impositions, on the part of any individual pilot. If so, it ought to embrace every case. But this mode of collection cannot be carried into effect for the pilotage of wessels, going out to sea. Therefore, the law must have had something else in view. That its object was simply to secure to the pilots the collection of their money, where they could not collect it themselves, appears very plain, ■ The expression “ shall be empowered to receive ” cannot be extended, so far as to signify that this power is to be exclusive. Every person has . a right independent of any law, to receive what is due to him, and of course to employ whom pleases to receive it for him. Besides the mere perusal of thé 10th. section of the said act, shews that it was perfectly understood, that *127 the pilots could collect themselves their money, the 9th. section being only intended, as a benefit to them, not as a charge.
Let the judgment of the District Court be affirmed with costs.